JEREMI L. CHYLINSKI
JChylinski@grsm.com



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA
28TH FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GORDONREES.COM

May 14, 2021

**Via ECF**

Mag. Judge A. Kathleen Tomlinson
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

> RE:   **Kaitlin Braun v. Rodney Rastegar, DDS, et al.**
> **Case No. 2:20-CV-3933 (DRH) (AKT)**

Dear Judge Tomlinson:

This firm represents Defendants Rodney Rastegar, DDS, Rodney Rastegar, DDS, PLLC, Rodney Rastegar, DDS, PLLC d/b/a Progressive Oral Surgery & Implantology Of Long Island (incorrectly named as "Rodney Rastegar, DDS, PLLC d/b/a Progressive Oral Surgery," hereinafter "Progressive"), Petros Panagos, DDS, and Jennifer Davila (together, "Defendants") in the above-referenced action.  In compliance with Your Honor's April 13, 2021 Order, the parties jointly submit this letter motion seeking approval of the Settlement Agreement (Exhibit A) as a fair and reasonable resolution of Plaintiff Kaitlin Braun's claims for unpaid overtime under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

### A.   Procedural History

Plaintiff commenced this action in the Supreme Court of the State of New York, County of Nassau, on or about July 20, 2020 alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), Index Number 607307/2020 ("State Complaint"). Pursuant to 28 U.S.C. § 1441(a), Defendants removed the State Complaint to this Court on or

May 14, 2021
Page 2

about August 25, 2020, Case No. 2:20-CV-03933 (together with the State Complaint, the "Complaint"). Defendants answered the Complaint on September 2, 2020 (Dkt. No. 5), and amended their answer on February 3, 2021, (Dkt. No 8).

### B.      Plaintiff's Allegations

Plaintiff worked as a receptionist at Progressive from on or about December 14, 2016 through January 15, 2019. (Cmp., ¶ 12.) Plaintiff alleges that, during her employment, she was paid "at the rate of $20.00 per hour" and "worked a minimum of 46.5 hours per week." (Cmp., ¶¶ 18 & 21.) Plaintiff adds that, when she worked on Mondays, her weekly hours increased to 55 hours, and she "was not given and did not take any uninterrupted meal breaks." (Cmp., ¶¶ 19 – 20.) Plaintiff claims that Progressive "did not uniformly pay her time and a half her regular rate . . . when she worked more than 40 hours a week." (Cmp., ¶¶ 22 – 23.) Defendants dispute that Plaintiff is owed overtime or other remuneration.

### C.      The Proposed Settlement Agreement Is Fair And Reasonable

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc*., No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (quoting *Lynn's Food Stores, Inc. v. Unites States*., 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Settlement Agreement here is a fair and reasonable resolution of the bona fide disputes between the Parties. The Agreement: (1) fairly accounts for Plaintiff's possible recovery; (2) enables the Parties to avoid the substantial burdens and expenses of establishing their claims and

May 14, 2021
Page 3

defenses, including the risks in proceeding with litigation; and (3) is the product of arm's-length

bargaining through mediation between experienced counsel. *See, e.g., Wolinsky*, 900 F. Supp. 2d

at 335.  Specifically, as part of the settlement, Plaintiff is receiving 100% of her claimed

FLSA/NYLL overtime compensation, an amount in liquidated damages, and her attorney's fees.

As to the additional terms of the Settlement, the release of claims to which Plaintiff has

agreed is permissible because it is limited to claims she did or could have brought under the FLSA

and NYLL.  *See Ceesae v. TT's Car Wash Corp.*, No. 17-CV-291 (ARR) (LB), 2018 WL 1767866

(E.D.N.Y. Jan. 3, 2018), R&R adopted, 2018 WL 741396 (E.D.N.Y. Feb. 7, 2018).

### D.     Attorney's Fees

Plaintiff's attorney's fees and costs – $3,150.00 – are 12.6% of the total settlement of

$25,000.00.  This amount is presumptively fair.  *See Meza v. 317 Amsterdam Corp.*, No. 14-CV-

9008, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) ("[C]ourts regularly approve attorney's

fees of one-third of the settlement in FLSA cases.").

The parties agree that the Settlement Agreement is fair and reasonable and should be

approved by the Court.  This settlement will enable the parties to avoid anticipated burdens

and expenses in proceeding with litigation, and will conserve judicial resources.  Accordingly,

it is respectfully requested that the Settlement Agreement be approved in its entirety.

Thank you for your attention to this matter.

Respectfully submitted,

*s/ Jeremi L. Chylinski, Esq.*
Jeremi L. Chylinski, Esq.

cc:     Michael T. Hopkins, Esq. (*via* ECF)