**CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT AND RELEASE.  BY SIGNING THIS AGREEMENT AND RELEASE, YOU WAIVE IMPORTANT LEGAL RIGHTS.**

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered into by Kaitlin Braun on behalf of herself, her heirs, executors, administrators, trustees, attorneys, and assigns (the "Releasor"), and Rodney Rastegar, DDS, Rodney Rastegar, DDS, PLLC, Rodney Rastegar, DDS, PLLC d/b/a Progressive Oral Surgery & Implantology Of Long Island (incorrectly named as "Rodney Rastegar, DDS, PLLC d/b/a Progressive Oral Surgery," hereinafter "Progressive Oral Surgery"), Petros Panagos, DDS, and Jennifer Davila ("Defendants"), together with (a) each of their present, past, and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, board members, partners, associates, trustees, administrators, managers, member-managers, members, employees, stockholders, representatives, agents, heirs, assigns, insurers and attorneys, in their individual and representative capacities, and all persons acting by, through, under, or in concert with any of these entities (these persons and entities being collectively referred to as the "Released Parties") (the "Releasors" and the "Released Parties" are together referred to as the "Parties").

**WHEREAS**, Kaitlin Braun commenced an action in Supreme Court of the State of New York, County of Nassau on or about July 20, 2020 alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), captioned as <u>Kaitlin Braun. v. Rodney Rastegar, DDS, Rodney Rastegar, DDS, PLLC, Rodney Rastegar, DDS, PLLC d/b/a Progressive Oral Surgery, Petros Panagos, DDS, and Jennifer Davila</u>, Index Number 607307/2020 ("State Complaint");

**WHEREAS**, pursuant to 28 U.S.C. § 1441(a), Defendants removed the State Complaint to the United States District Court for the Eastern District of New York on or about August 25, 2020, Case No. 2:20-CV-03933 (together with the State Complaint, the "Complaint");

**WHEREAS**, the Releasor has agreed to dismiss any and all claims that were asserted or could have been asserted in the Complaint against the Released Parties with prejudice, without costs, without contribution, and without any admission of liability;

**WHEREAS**, the Released Parties have denied and continue to deny the allegations contained in the Complaint, and the Released Parties have denied and continue to deny that they violated any law, rule, statute or regulation, or committed any wrong whatsoever;

**WHEREAS**, the Parties desire to settle fully and finally all differences with each other in accordance with the terms and conditions set forth herein including, without limitation, claims raised or which could have been raised in the Complaint;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth herein, and other good and valuable consideration, to avoid the inconvenience and expense of litigation, and without any admission of fault or liability on the part of the Parties.

**IT IS HEREBY AGREED** by and between the Parties as follows:

1.      Consideration.

(a)      Settlement Payment.   In consideration for the Releasor's execution of and compliance with the terms of this Agreement, including, but not limited to, the release and waiver of all claims against the Released Parties and the settlement and dismissal with prejudice of the Complaint (including any claims that were or could have been asserted in the Complaint), Progressive Oral Surgery shall deliver a Settlement Payment totaling TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), inclusive of attorneys' fees and costs, on or before thirty

(30) days after the Parties receive judicial approval for this Agreement from the Honorable Magistrate Judge Anne Y. Shields, and the Releasor signs this Agreement and provides all necessary settlement documentation, including an executed IRS Form W9 from the Releasor, an executed IRS Form W4 from the Releasor, and an executed IRS Form W9 from the Releasor's counsel, Michael T. Hopkins & Associates, PLLC.

The payments shall be issued as follows:

 (i) a check in the amount of TEN THOUSAND NINE HUNDRED TWENTY-FIVE DOLLARS ($10,925.00) made payable to Kaitlin Braun, which shall represent wages.

 (ii) a check in the amount of TEN THOUSAND NINE HUNDRED TWENTY-FIVE DOLLARS ($10,925.00) made payable to Kaitlin Braun for alleged emotional distress.

 (iii) a check in the amount of ONE THOUSAND ONE HUNDRED FIFTY DOLLARS ($1,150.00) made payable to Michael T. Hopkins & Associates, PLLC, which shall represent attorney's costs.

 (iv) a check in the amount of TWO THOUSAND DOLLARS ($2,000.00) made payable to Michael T. Hopkins & Associates, PLLC, which shall represent attorney's fees.

 (b) The payments discussed in paragraph 1(a)(i) – 1(a)(iii)  above constitute the "Settlement Payment" for all of the Releasor's claims or potential claims against the Released Parties including, but not limited to, those concerning or relating in any way to the allegations raised in the Complaint and/or which could have been raised in the Complaint.

2.      <u>Mutual Releases</u>.

(a)     The Releasor agrees to fully and irrevocably release the Released Parties from any and all claims, causes of action, demands, obligations, liabilities, rights, and damages that were asserted or that could have been asserted in the Complaint, and/or which relate, directly or indirectly, to such claims, causes of action, demands, obligations, rights, and damages.

(b)     The Released Parties agree to fully and irrevocably release the Releasor from any and all claims, causes of action, demands, obligations, liabilities, rights, and damages that were asserted or that could have been asserted in the Answers to the Complaint, and/or which relate, directly or indirectly, to such claims, causes of action, demands, obligations, liabilities, rights, and damages.

3.      <u>Indemnification</u>. This settlement is based upon a good faith determination of the Parties to resolve disputed claims.   The Parties have attempted to resolve this matter in compliance with both state and federal law, and it is believed that the settlement terms adequately consider and protect Medicare's interest and do not reflect any attempt to shift responsibility of past or future medical treatment to Medicare in contravention of 42 U.S.C. § 1395(b).  The Parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services ("CMS") on this settlement, or the Releasor's eligibility or entitlement to Medicare or Medicare benefits, will not render this Agreement void or ineffective, or in any way affect the finality of this liability settlement.

(a)     The Releasor represents and warrants that she is not currently a Medicare beneficiary, nor within thirty (30) months of becoming a Medicare beneficiary; is not 65 years of age or older; is not suffering from end stage renal failure or amyotrophic lateral sclerosis; has not

4

received Social Security benefits for 24 months or longer; and has not applied for Social Security benefits, and/or has not been denied Social Security disability benefits and is appealing that denial.  Because the Releasor is not a Medicare beneficiary as of the date of this Agreement, no conditional payments have been made by Medicare.  Further, because the Releasor is not expected to become a Medicare beneficiary within thirty (30) months from the date of this release, no funds have been allocated for future incident-related medical treatments.

(b)     In the event that any of the above information provided by the Releasor is false or in any way incorrect, the Releasor shall be liable for any and all actions, causes of actions, penalties, claims, costs, services, compensation, or the like resulting from these inaccuracies.  The Releasor acknowledges that Medicare may require the Releasor to exhaust her entire settlement proceeds on future Medicare-covered incident-related medical expenses should she become a Medicare beneficiary  within thirty (30) months from the date of this release.

(c)     The Releasor will indemnify, defend and hold the Released Parties and their insurer(s) harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown.  If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages including multiple damages from the Released Parties and/or their insurer(s) relating to payment by such governmental entity, or anyone acting on behalf of such entity, relating to Releasor's alleged injuries or the Complaint, Releasor will defend and indemnify the Released Parties and their insurer(s), and hold the Released Parties and their insurer(s) harmless from any and all such damages, claims, liens, penalties, Medicare conditional payments and rights to payment, including any reasonable attorneys' fees sought by such entities.  The Releasor further agrees to defend, indemnify, and hold harmless the Released Parties from any cause of action, including, but not limited to one arising from any alleged loss

of Medicare or Social Security benefits, including a recovery for past, present, and future liens, including attorneys' fees. The Releasor also agrees to waive her rights to bring any possible future actions against the Released Parties or their insurer(s) under the Medicare Secondary Payer Statute.

(d)      The Releasor acknowledges that any decision regarding entitlement to Social Security Disability Insurance, including the amount and duration of payments is exclusively within the jurisdiction of the Social Security Administration, the U.S. government, and the U.S. federal courts, and is determined by federal law and regulations.  As such, the U.S. government is not bound by any of the terms of this Agreement.  The Releasor has been apprised of her right to seek assistance from legal counsel of her choosing or directly from the Social Security Administration or other governmental agencies regarding the impact this Agreement may have on her current or future entitlement to Social Security Disability Insurance or other governmental benefits.

4.      <u>Acknowledgments and Full Discharge of Liabilities</u>.

(a)      The Releasor acknowledges and agrees that the Settlement Payment and other benefits provided pursuant to this Agreement: (i) are in full discharge of any and all liabilities and obligations of the Released Parties to the Releasor, monetarily or otherwise; and (ii) constitute full and final satisfaction and relief for any claim the Releasor has, had, or could have brought against the Released Parties in the Complaint.

(b)      The Releasor acknowledges and agrees that the Settlement Payment provided pursuant to this Agreement is subject to her executing this Agreement, and hercompliance with their obligations hereunder.

(c)  The Releasor represents that other than the Complaint and the Verified Complaint she filed with the New York State Division of Human Rights on or about July 9, 2019, Case No. 10202719, Federal Charge No. 16GB904350, which was amicably settled, she has not filed any complaints, claims, or actions against the Released Parties with any state, federal, or local agency, or court and warrants that she will not do so at any time hereafter concerning the claims that were made or could have been made in the Complaint.  The Releasor authorizes her counsel, Michael T. Hopkins & Associates, PLLC, to execute a Stipulation of Dismissal of the Complaint with Prejudice (the "Stipulation") and to deliver that Stipulation to counsel for the Released Parties contemporaneously with the signed copy of this Agreement. Within five (5) business days of receiving a fully executed Agreement, the Released Parties shall file a motion for judicial approval and request that the Court "So Order" the fully executed Stipulation of Dismissal with Prejudice which shall be attached thereto as an Exhibit.  The Releasor further agrees that if any agency or court assumes jurisdiction of any other complaint, claim, or action against the Released Parties on her behalf, she will direct that agency or court to withdraw from or dismiss with prejudice the matter as it relates to the claims that were made or could have been made in the Complaint.

(d)  The Releasor understands and agrees that the Released Parties are not obligated to the Releasor or her counsel for attorneys' fees, costs, interest, or the like in connection with the Complaint, except as stated in this Agreement.  The Releasor understands and agrees that the Settlement Payment reflects payment to the Releasor and her counsel for attorneys' fees and costs as well as compensation for any other damages relating to the claims made in the Complaint.  The Releasor agrees that she is solely responsible for the payment and reporting of any federal, state, and/or local taxes on the settlement amount and agrees to waive any such

claims against the Released Parties for any liability for the reporting or payment of applicable taxes. The Released Parties have not made, and do not make, any representations as to the tax consequences of any payment hereunder. The taxability of the settlement monies shall not affect the validity of this Agreement.

5. <u>Non-Admission</u>. This Agreement is not intended, and shall not be construed, as an admission of a violation of any federal, state or local law, ordinance, or regulation. This Agreement is not intended, and shall not be construed, as an admission that the Released Parties committed any wrong whatsoever -- and the Released Parties expressly deny any wrongdoing. The Releasor does not purport and will not claim to be a prevailing party to any degree or extent in a subsequent proceeding related to the Complaint, nor will this Agreement or its terms be admissible in any proceeding in a court of competent jurisdiction other than in a proceeding for breach of the terms contained herein.

6. <u>Release of Claims</u>.

(a) <u>In General</u>. In exchange for the Released Parties' promises contained in this Agreement, including the payments and benefits provided to the Releasor in Paragraph 1 above, the Releasor agrees, irrevocably and unconditionally, to release, forever discharge, and acquit the Released Parties individually or jointly, and severally, from any and all actions, causes of action, suits, claims, demands, appeals, charges, debts, injuries of any kind, claims for sums of money, controversies, agreements, damages, judgments and/or executions of any kind whatsoever alleged in the Complaint or which could have been alleged in the Complaint. These General Releases include, but are not limited to, any and all claims relating to the Releasor's employment with the Released Parties, and/or the cessation of such employment, and/or any alleged mistreatment of the Releasor of any kind and/or relating to any aspect of any relationship

or dealing or interaction or communication of any kind involving the Releasor or any of the Released Parties.  Nothing in this agreement shall be interpreted to impede the Parties from seeking enforcement of the terms and conditions contained herein.

The Releasor represents that she has been paid all wages and other compensation due to her as a result of services performed and as an employee of the Released Parties.

(b)     Claims Released.    The Releasor understands and agrees that she is releasing all known and unknown claims, promises, causes of action, or similar rights of any type that she and her heirs, executors, administrators, trustees, legal representatives and assigns may have against the Released Parties, through the date she executes this Agreement.

(c)     Waiver.    By virtue of the foregoing, the Releasor hereby acknowledges that she cannot benefit monetarily from any claims otherwise released by this Agreement and further agrees that she has waived any right to equitable relief that may have been available to her with respect to any claim or cause of action released herein.  Therefore, the Releasor agrees that she will not accept any award or settlement from any source or proceeding (including, but not limited to, any proceeding brought by any other person, entity, or governmental agency) with respect to any claim or right waived or released in this Agreement.

7.     No Negative Statements.  The Releasor agrees that she will not make or cause to be made any statements (oral or written) that disparage the reputation or business of the Released Parties, including, but not limited to, publishing or causing to be published information or opinions regarding the Released Parties and/or experiences the Releasor alleges or claims to have had while employed by the Released Parties, on any internet website, social media website, in a print publication, or orally.  Further, the Releasor shall not make or cause to be made any statements (oral or written) that disparage the reputation or business of the Released

Parties to clients or potential clients of the Released Parties.  The Releasor further agrees that she will not jointly or individually make any disparaging statements that damage the Released Parties, their services, reputation, officers, employees, or financial status in any of their business relationships. Similarly, the Released Parties agree that their management-level employees will not make or cause to be made any statement that disparages or damages the reputation of the Releasor. Nothing in this Agreement shall prohibit the Parties from speaking truthfully about their claims and/or defenses, under the FLSA or NYLL, or the resolution of the causes of action alleged in the Complaints under the FLSA and NYLL, or their experiences in litigating the Complaint.  This provision is a material part of this Agreement, and if any party breaches this provision, an aggrieved party may seek all remedies available at law and/or equity, including, without limitation, injunctive relief and/or monetary damages.

8.      <u>No Re-Employment</u>.     The Releasor agrees and understands that she will not seek employment or re-employment with the Released Parties or any related entity at any time now or in the future.  In the event the Releasor seeks re-employment with the Released Parties or any related entity, this provision shall be deemed a basis for the Released Parties and/or the related entity refusing to re-employ the Releasor without liability.

9.      <u>References</u>.   The Released Parties agree that potential employers of the Releasor should contact only Progressive Oral Surgery with respect to a reference, in response to which Progressive Oral Surgery will disclose only the dates of the Releasor's employment and her position.

10.     <u>Severability</u>.   If at any time after the date of the execution of this Agreement, any court, agency, or other tribunal finds that any provision of this Agreement is illegal, void, or unenforceable, that provision will no longer have any force or effect.  However, illegality or

unenforceability of such provision shall have no effect upon, and shall not impair, the enforceability of any other provision of this Agreement.  If a court should determine that any portion of this Agreement is overbroad or unreasonable, the Parties agree that such provision shall be given effect to the maximum extent possible by narrowing or enforcing in part that aspect of the provision found overbroad or unreasonable.  If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the Releasor agrees that she cannot obtain a personal recovery against the Released Parties, that she will accept any modifications to the language of the Agreement as proposed by Released Parties to ensure the enforceability of a revised Agreement provision, and that she will not be entitled to any payments or benefits other than the payment and benefits contained in this Agreement.

11.  <u>Interpretation</u>.   Should any provision of this Agreement require interpretation or construction, it is agreed by the Parties that the entity interpreting or construing this Agreement shall not apply a presumption against one Party by reason of the rule of construction that a document is to be construed more strictly against the Party who prepared the document.

12.  <u>Entire Agreement</u>.   This Agreement constitutes the entire and complete understanding and agreement between the Parties concerning the matters set forth herein, and there are no understandings or agreements, oral or otherwise, that are not reflected herein.  This Agreement may not be clarified, modified, changed or amended except in a writing signed by each of the Parties.

13.  <u>Acceptance</u>.   The Parties were represented by counsel and this Agreement was negotiated by counsel.  The Parties and counsel for the Parties have reviewed this Agreement and have participated in its drafting and, accordingly, no party shall attempt to invoke the rule of construction to the effect that ambiguities, if any, are to be resolved against the drafting party.

14.   <u>Waiver</u>.   Waiver of any term or condition of this Agreement by any Party shall only be effective if in writing and shall not be construed as a waiver of any subsequent breach or failure of the same term or condition, or a waiver of any other term or condition of this Agreement.

15.   <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to the doctrine of conflicts of law.

16.   <u>Headings</u>.   The paragraph headings contained herein are for purposes of organization only and shall not constitute part of this Agreement.

17.   <u>Execution in Counterpart</u>.   This Agreement may be executed in counterparts, each of which shall be deemed an original and shall be deemed duly executed upon the signing of the counterparts by the Parties.

18.   <u>Review by Counsel</u>.  The Parties hereby specifically acknowledge that they have read and understand this Agreement; that it is meant as a settlement and release, releasing the Released Parties from any and all claims the Releasor had or may have against the Released Parties; that the Parties are represented by counsel; that the Parties have reviewed this Agreement with their respective attorneys, that the Parties voluntarily enter into this Agreement with full knowledge of its terms and conditions, and that such terms and conditions are binding upon the Parties; and that the terms and conditions of this Agreement were determined by negotiation.

19.   **KAITLIN BRAUN IS HEREBY ADVISED THAT SHE HAS A REASONABLE TIME TO REVIEW AND CONSIDER THIS AGREEMENT, AND IS HEREBY ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.  HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO**

FULFILL THE PROMISES DESCRIBED IN THIS AGREEMENT, AND TO RECEIVE THE CONSIDERATION IN PARAGRAPH 1 ABOVE, KAITLIN BRAUN FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS MADE OR THAT COULD HAVE BEEN MADE IN THE COMPLAINT AGAINST THE RELEASED PARTIES.

**IN WITNESS WHEREOF**, Kaitlin Braun, Rodney Rastegar, DDS, Rodney Rastegar, DDS, PLLC d/b/a Progressive Oral Surgery & Implantology Of Long Island, Petros Panagos, DDS, and Jennifer Davila have duly executed this Agreement and General Release as follows:

_Kaitlin Braun_          Dated: _11 | 1 | 2021_
**KAITLIN BRAUN**


_____          Dated: _____
**RODNEY RASTEGAR, DDS**


_____          Dated: _____
**PETROS PANAGOS, DDS**


_____          Dated: _____
**JENNIFER DAVILA**


**PROGRESSIVE ORAL SURGERY & IMPLANTOLOGY OF LONG ISLAND**


_____          Dated: _____
By:
Title

knowledge of its terms and conditions, and that such terms and conditions are binding upon the Parties; and that the terms and conditions of this Agreement were determined by negotiation.

19.  **KAITLIN BRAUN IS HEREBY ADVISED THAT SHE HAS A REASONABLE TIME TO REVIEW AND CONSIDER THIS AGREEMENT, AND IS HEREBY ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES DESCRIBED IN THIS AGREEMENT, AND TO RECEIVE THE CONSIDERATION IN PARAGRAPH 1 ABOVE, KAITLIN BRAUN FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS MADE OR THAT COULD HAVE BEEN MADE IN THE COMPLAINT AGAINST THE RELEASED PARTIES.**

**IN WITNESS WHEREOF**, Kaitlin Braun, Rodney Rastegar, DDS, Rodney Rastegar, DDS, PLLC d/b/a Progressive Oral Surgery & Implantology Of Long Island, Petros Panagos, DDS, and Jennifer Davila have duly executed this Agreement and General Release as follows:

_____     Dated: _____

**KAITLIN BRAUN**

_____     Dated: 11-12-21

**RODNEY RASTEGAR, DDS**

_____     Dated: 11-12-2021

**PETROS PANAGOS, DDS**

_____     Dated: 11.12-21

**JENNIFER DAVILA**


**PROGRESSIVE ORAL SURGERY & IMPLANTOLOGY OF LONG ISLAND**

_____     Dated: 11.12.21

By: _____
Title Practice Manager.

7